## PALM COURT, INC. v DURHAM, et al.
### Case No. 86-3885-CA-F
Fifteenth Judicial Circuit, Palm Beach County

March 3, 1989

**OPINION OF THE COURT**

DANIEL T. K. HURLEY, Circuit Judge.

*ORDER DENYING MOTION TO ENFORCE SETTLEMENT*

THIS CAUSE is before the court upon a motion styled innocuously "motion to enforce settlement agreement." The implications of the motion, however, are much more serious than suggested by the title.

The initial phase of this case was tried in a five-week bench trial. At the conclusion, the court issued a memorandum opinion containing findings of fact and conclusions of law. In particular, the court found that Carl Sax and Lanny Horwitz, the principals of Palm Court, Inc., "purposedly, with intent to defraud, made material misrepresentations and caused omissions of material facts. . . . ." Thereafter, a final judgment was entered and an appeal was filed.

While the appeal was pending, counsel for PCI, Sax and Horwitz entered into settlement negotiations with counsel for the counter-plain-

tiffs/unit owners. These parties reached an agreement which called for the dismissal of the appeal, payment of money to the unit owners and a revision of the court's findings of fact and conclusions of law. In essence, the parties agreed to ask the court to remove all reference to individual wrongdoing by Carl Sax and Lanny Horwitz.

The parties then moved for and obtained a relinquishment of jurisdiction by the appellate court in order to present the proposal to the trial court. After a review of the terms and conditions, the court indicated that it could not accede to the parties' request. The court indicated that the proposed revision impinged upon the integrity of the judicial fact-finding process and, therefore, violated public policy. Accordingly, the court declined to revise its memorandum/opinion.

Counsel for PCI, Sax and Horwitz then filed the instant motion to enforce settlement agreement. Upon consideration of the case law which was submitted together with argument by counsel, the court concludes that the motion should be denied. It is axiomatic that litigants cannot deliver the jury's verdict. Likewise, they cannot script the judge's findings of fact. To hold otherwise would demean the judicial process and transform judges into Charlie McCarthy-like figures open to manipulation. The very thought is repugnant to the concept of a free and independent judiciary.

Despite assertions to the contrary, the movants can find no support for their position in the law. "Parties to a lawsuit may always compromise their dispute. But where the parties wish to incorporate their settlement into a judicial decree—where they seek the imprimatur of judicial approval—the court must give the agreement more careful scrutiny." *Sierra Club v Coca-Cola Corp.,* 673 F.Supp 1555, 1556 (M.D. Fla. 1987) (citation omitted). Parties who engage in public litigation must accept its conditions and consequences. *See, e.g., Barron v Florida Freedom Newspapers, Inc.,* 531 So.2d 113 (Fla. 1988).

Accordingly, it is

ORDERED and ADJUDGED that the counter-defendants' motion is denied.

DONE and SIGNED in Chambers at West Palm Beach, Florida, this 3rd day of March, 1989.